## MARSHALL v. KRAAK.

EQUITY PLEADING AND PRACTICE; SERVICE BY PUBLICATION; DEEDS OF
TRUST; SUBSTITUTION OF TRUSTEES.

1. The removal, by a court of equity, of a trustee in a deed of trust who
   has absconded or removed from the jurisdiction, impairs no vested
   right or contractual obligation, nor does any such impairment result
   from the substitution by statute of a summary proceeding for that
   purpose for a plenary proceeding. The refusal or disability of a trus-
   tee to perform the trust is the equivalent in equity of a renunciation
   of the legal estate.
2. No constitutional or fundamental right of property is impaired by a
   statutory provision that the legal title of a trustee in a deed of trust
   or mortgage shall not descend to his heirs, or that if it does it may
   be disregarded and may be reinvested in some appointee of the court
   without reference to such heirs; such a trustee being no more than a
   mere agent of the grantor or mortgagor and the mortgagee to carry
   into effect the contract between them. (Construing D. C. Code, §§
   534-538.)
3. The service by publication upon one of two deed-of-trust trustees who
   has absconded or departed from the jurisdiction and whose where-
   abouts is unknown is not necessary to support a decree substituting
   a trustee in his place under D. C. Code, §§ 534-538. It is the fact
   of the absence of the trustee from the jurisdiction that operates, when
   proved in a court of equity, to devest his title and to authorize the
   court to appoint another person in his place.

No. 1331.   Submitted December 2, 1903.   Decided January 19, 1904.

HEARING on an appeal by the defendant from a decree of the
Supreme Court of the District of Columbia in a suit in equity
to substitute a trustee under a deed of trust.      *Affirmed.*

VOL. XXIII—9

THE COURT in the opinion stated the case as follows:

The appellee, Henry Kraak, is the holder of an overdue note for $1,500 executed by the appellant, Richard J. Marshall, and secured by a deed of trust by way of mortgage from the appellant to two trustees, E. Welsh Ashford and Herman E. Gasch, of certain real estate in the city of Washington. Desirous to enforce the payment of the note by a sale of the property, he called upon the trustees, or rather upon one of them, Herman E. Gasch, to advertise and sell the property; but found that Gasch was unwilling or unable to proceed on account of the absence of his cotrustee, Ashford, from the District and of the fact that his whereabouts were unknown. He also found that Marshall had permitted the property to be sold for taxes. Thereupon he instituted the present proceeding in equity for the substitution of a new trustee in the place of Ashford.

Gasch and Marshall were served with process, and appeared and filed answers in the case. The answer of Gasch was substantially to the effect that he was willing to execute the trust, with or without a trustee substituted in the place of Ashford, as the court might direct. The answer of Marshall was to the effect that, while he admitted that the note was overdue and unpaid, and that Ashford had absconded, he was unwilling that Gasch should act alone in the trust, but that he was willing that a trustee should be appointed in the place of Ashford; and he claimed to be entitled to name the trustee. He objected, however, to any appointment in the place of Ashford, unless there was personal service of process upon him, or notice by way of publication, neither of which, it seems, had been had. And he pleaded for more time in which to make sale of the property, or to make arrangements for taking up the note.

Writs of subpoena and a rule to show cause had been issued against all the defendants; but the return as to Ashford was that he was not to be found. And there was no further effort to bring him into court, either by way of publication or otherwise.

Upon the petition, the rule to show cause, and the answers of Gasch and Marshall, the court rendered a decree substituting

John J. Hamilton as trustee in the place of Ashford, and directing Hamilton and Gasch as trustees to proceed to execute the trust, unless Marshall paid the indebtedness within thirty days from the date of the decree.

Marshall, having severed from his codefendants, has appealed.

*Mr. Wharton E. Lester* for the appellant.

*Mr. George E. Hamilton, Mr. M. J. Colbert,* and *Mr. John J. Hamilton* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

The proceedings in this case have been instituted under §§ 534, 537, and 538 of the Code of Law for the District, which provide summary proceedings for the appointment of a new trustee to execute the trusts of a mortgage, or deed of trust by way of mortgage, or to release the same, when a former trustee has died, or has removed out of the jurisdiction, or is unable to act, or any other good cause is shown for such appointment. These sections provide for the filing of a petition in the court of equity by any party interested stating the appropriate facts and asking for such appointment; for the issue of a rule thereon to show cause within ten days, to be served upon the existing trustee, if one there is, and upon the debtor or creditor, as the case may be; and for summary proceedings thereon to ascertain the existence of the debt, or its payment, as the case may be, and for the appointment of a new trustee for the purpose required. They further provide that it shall not be necessary to make the heirs at law or devisees of a deceased trustee parties to the suit; and that, if the adverse parties beneficially interested in the mortgage or deed of trust cannot be found in the District, service of the rule to show cause should be had upon them by publication, according to the practice in equity.

Whether these provisions of the Code were intended to supersede the former course of procedure in equity for the removal and appointment of trustees, it is unnecessary to inquire. They

certainly were designed to supply a summary procedure to which parties might have recourse instead of the former plenary proceedings, which, upon the death or other disability of a trustee, practically remitted parties to a mortgage, or deed of trust by way of mortgage, to a formal bill for foreclosure or for redemption, as the case might be. And these provisions of the Code undoubtedly proceed upon the assumption, now so generally enacted into statute law, that a mortgage, or deed of trust by way of mortgage, is in fact not so much a conveyance or transfer of the property mortgaged as a lien upon it: and while the Code recognizes that a legal estate is conveyed by such mortgage or deed of trust to the trustee, yet it is designated as a qualified determinable fee (§ 522), and the barrenness of such an estate is everywhere emphasized throughout the provisions bearing upon the subject. Courts of equity have from time immemorial recognized that the estate of the trustee is a naked legal title without any beneficial interest whatever, further than the compensation provided for the execution of the trust, consideration of which is not allowed to enter into the question of the extent of the estate conveyed, and they have always held the legal title in strict subordination to the beneficial interest of the debtor and creditor in the transaction. They have never hesitated to remove trustees, to devest them of their legal title, and to vest such title in other persons, whenever the beneficial interest required it; and it has never been supposed that by so doing they interfered with vested rights or impaired the obligation of contracts. We have held in the case of Clerks' Invest. Co. v. Sydnor, 19 App. D. C. 98, that the conventional trustees appointed by the parties in deeds of trust to execute the contract between them should not arbitrarily and without cause be removed by a court of equity, when they are ready, willing, and competent to execute their trust; but that these trustees might be removed for cause, and their estates devested out of them and vested in others for the due execution of the trust, is an elementary rule of equity practice.

Removal from the jurisdiction or absconding in such manner that he cannot be found within the jurisdiction has always.

been recognized as a good ground for the removal of a trustee by a court of equity. The Code, in its § 538, reduces this rule of equity to the form of statute law. No vested right or contractual obligation is impaired thereby; nor does there any such impairment result from the substitution of a summary for a plenary proceeding. The trustee in a deed of trust by way of mortgage has no vested right or beneficial interest in anything except to execute the trust when he is called upon to do so, if at the time he is competent to execute it, and to receive his compensation therefor. If at the time at which the execution of the trust is required he has removed beyond the jurisdiction, or if he has absconded and cannot be found, it would be a mockery of justice for him, or for any one on his behalf, to claim to be entitled to retain the legal estate, and at the same time to refuse to perform the one only thing for which that estate was vested in him. His refusal or disability to perform the trust is the equivalent in equity of a renunciation of the legal estate.

Such being the tenure upon which he has received and holds the legal estate, it is competent for the legislative authority to provide a summary mode for his removal, and for the devesting of his title, as by the Code it has been sought to do. It is competent for the legislature to enact that the legal title shall not descend to the heirs of the trustee, or that, if it does descend, it may be disregarded and may be reinvested in some appointee of the court without reference to such heirs. There is no constitutional or fundamental right of property impaired by such provision; for the trustee is substantially no more than an agent of the mortgagor and mortgagee or *cestui que trust* to carry into effect the contract between them, for which purpose and only for which purpose he is vested with the legal title without beneficial interest therein. This is no more than elementary law in equity; and the legislative authority, by the sections of the Code which have been cited, has only given a summary remedy in the place of the former more formal remedy, or one supplementary thereto.

In these summary proceedings so little is the title of the trustee regarded as compared with the substantial interests of

the mortgagor and mortgagee, or beneficiary, that while there is express requirement that when the debtor or creditor, or the representatives of either, reside out of the jurisdiction, and they are made parties defendant, notice by way of publication against them is required, there is no such requirement as against an absent trustee or his representatives. The requirement is that the cotrustee, if any, and the parties interested should be served with process; but there is no provision for any such process against an absent trustee whose place it is desired to fill by a new appointment, and the requirement of such process would be antagonistic to the whole theory and principle of the provisions of the Code. The purpose and aim of these proceedings were to provide an easy mode for the appointment of a new trustee in a proceeding between the real parties in interest, wherein the fact which necessitated such appointment could be shown as a fact.

In the present case it is admitted that the person whom it is desired to replace as trustee has absconded, or at least departed from the jurisdiction, and that his present whereabouts are unknown. The precise condition, therefore, has arisen in which the statute provides for the appointment of a new trustee in his place. Such absence had primarily been shown by the failure of the marshal to find him for the service of process upon him; and the admission of the defendants completed the proof of the fact. It is not apparent what purpose could have been subserved by publication against such absconding party. Such publication would have been proper enough, perhaps, in the old plenary proceedings, wherein more regard was had for the legal title vested in the trustee than is evidenced by the Code; but it would have added nothing to the proof of absence from the jurisdiction; and it is the fact of absence from the jurisdiction that operates, when proved in a court of equity, to devest the title of the trustee, and to authorize that court to appoint another person in his place.

We are of opinion that the court was justified in rendering the decree which it did in this case, and that there is no error in such decree. The decree will be affirmed with costs. And it is so ordered. *Affirmed.*